# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SYLVESTER N. COWANS,

        Petitioner,  :  Case No. 2:21-cv-4768

  - vs -  Chief Judge Algenon L. Marbley
        Magistrate Judge Michael R. Merz

DAVID GRAY, WARDEN,
 Belmont Correctional Institution,

                      :

        Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought *pro se* by Petitioner Sylvester Cowans pursuant to 28 U.S.C. § 2254, seeks relief from his conviction in the Franklin County Court of Common Pleas on May 1, 2019.  The case is ripe for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 11), and the Return of Writ (ECF No. 12).  When the Return was filed, the Court notified Petitioner that his reply to the Return was due no later than April 23, 2022 (ECF No. 15).  As of May 4, 2022, no reply has been received and docketed by the Clerk.

**Litigation History**

On November 13, 2017, a Franklin County grand jury indicted Petitioner on one count of felonious assault in violation of Ohio Revised Code § 2903.11 (Indictment, State Court Record, ECF No. 11, Ex. 1).  He was tried to a jury and convicted on May 1, 2019. *Id.* at Ex. 4.  Cowans

1

appealed to the Tenth District Court of Appeals, raising sufficiency of the evidence and manifest weight of the evidence assignments of error. That court affirmed. *State v. Cowans*, 2020 Ohio 5250 (10th Dist., Nov. 10, 2020). Cowans sought a delayed appeal in the Supreme Court of Ohio which declined that request. *State v. Cowans,* 161 Ohio St. 3d 1473 (2021). Having failed to win judicial release, Cowans files his Petition for Writ of Habeas Corpus in this Court on September 17, 2021, by depositing it in the prison mailing system on that date.

Cowans pleads the following ground for relief:

> **Ground One**: Due Process denies a conviction that is based on insufficient evidence for Fel. Assault in violation of the U.S. Constitution Amendment V, VI, and XIV.
>
> **Supporting Facts:** At the conclusion of the state's case, appellant moved for dismissal under Ohio Crim. R. 29. (Trial T.285, 290), attesting the sufficient of the state's evidence (sic). The position was that there were no witnesses whatsoever who saw what was asserted to the states witness in case (sic). The states witness was the sole admission to the evidence, however under oath the state witness admitting to being highly intoxicated and under the influence of cocaine and marijuana; when the asserted fel. Assault happed (Trial T. 131-133). The states witness nephew took a stand who lived at the resident (sic) testified he never saw an incident with petitioner and the states witness, accusing of the Fel. Assault. (sic) The petitioner was seen leaving the resident (sic) prior to anything that was asserted to happened. (T. 241-245) The trial court should have moved for the dismissal under Crim.R.29 as the evidence was insufficient.

(Petition, ECF No. 3, PageID 26).

## Analysis

The Petition raises a single ground for relief, to wit, that Cowan's conviction is not supported by sufficient evidence. But Respondent urges the Court to stop short of a merits analysis and dismiss the Petition because it is barred by procedural default.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

Respondent asserts Cowans has procedurally defaulted his claim by failing to present it to the Supreme Court of Ohio in a timely appeal. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). The record plainly shows that Cowans' attempt to appeal to the Supreme Court of Ohio was untimely and Cowans has offered no excusing cause and resulting prejudice. The Ohio Supreme Court's time limit on appeal has been repeatedly held to be an adequate and independent state court procedural rule on which to ground a procedural default analysis. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

Petitioner's Ground for Relief is procedurally defaulted without excuse. The Petition should be dismissed with prejudice on that basis.

**Merits Analysis**

If, in the alternative, the Court decides to reach the merits of the Petition, it should nevertheless dismiss the Petition with prejudice because it is without merit.

> An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).  This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*).

This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991).  Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*  A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction.  *Musacchio v. United States*, 577 U.S. 237 (2016).

5

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from

> evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010); *Thompson v. Skipper*, 981 F.3d 476 (6th Cir.,2020). "To evaluate a sufficiency-of-the-evidence claim, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. (quoting *Jackson*, 443 U.S. at 324)."

The state court's application "must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Nagy, 962 F.3d at 199 (quoting White v. Woodall, 572 U.S. 415, 419 (2014)). In other words, "relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." Woodall, 572 U.S. at 427 (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)).

Together, *Jackson* and AEDPA's two layers of deference dictate that "a federal court's 'review of a state-court conviction for sufficiency of the evidence is very limited.'" *Tackett v.*

7

*Trierweiler,* 956 F.3d 358, 367 (6th Cir. 2020) (quoting *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018)).

Cowans raised insufficiency of the evidence as his First Assignment of Error on direct appeal. The Tenth District combined its analysis with the second assignment, to wit, that the conviction was against the manifest weight of the evidence and decided those claims as follows:

> **A. First and Second Assignments of Error – Motion for Acquittal/Sufficiency of the Evidence and Manifest Weight of the Evidence**
>
> {¶ 19} Appellant's two assignments of error are interrelated in that they challenge both the sufficiency and weight of the evidence; therefore, we address them together. In his first assignment of error, appellant argues that the trial court erred when it denied his motion for acquittal. In his second assignment of error, appellant argues that the verdict of felonious assault was against the manifest weight of the evidence. We find no merit in either of appellant's contentions.
>
> {¶ 20} Crim.R. 29(A) provides, in relevant part, "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses." Crim.R. 29(A). "Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict." *State v. Cassell*, 10th Dist. No. 08AP-1093, 2010-Ohio-1881, 2010 WL 1731238, ¶ 36, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether a conviction is supported by legally sufficient evidence is a question of law. *State v. Flood*, 10th Dist. No. 18AP-206, 2019-Ohio-2524, 2019 WL 2603236, ¶ 16, citing *Thompkins* at 386, 678 N.E.2d 541.
>
> {¶ 21} In reviewing a challenge to the sufficiency of the evidence, an appellate court must determine "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In conducting a review of the sufficiency of the evidence, " 'an appellate court does not engage in a determination of witness credibility; rather it essentially assumes the state's witnesses

testified truthfully and determines if that testimony satisfies each element of the crime.' " *Flood*, 2019-Ohio-2524, at ¶ 16, quoting *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, 2009 WL 418770, ¶ 4, citing *State v. Woodward*, 10th Dist. No. 03AP-398, 2004-Ohio-4418, 2004 WL 1879037, ¶ 16.

{¶ 22} Comparatively, "[w]hile sufficiency of the evidence is a test of adequacy regarding whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *Cassell*, 2010-Ohio-1881, at ¶ 38, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins*, 78 Ohio St.3d 380, at 386, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, 678 N.E.2d 541, citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). This discretionary authority " 'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *Martin* at 175, 485 N.E.2d 717.

{¶ 23} Furthermore, " '[w]hile the jury may take note of inconsistencies and resolve or discount them accordingly, * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence.' " *State v. Gullick*, 10th Dist. No. 13AP-317, 2014-Ohio-1642, 2014 WL 1515442, ¶ 10, quoting *State v. Nivens*, 10th Dist. No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). "A jury, as the finder of fact and the sole judge of the weight of the evidence and the credibility of the witnesses, may believe or disbelieve all, part, or none of a witness's testimony." *Id.*, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

{¶ 24} A conviction is not against the manifest weight of the evidence simply because the jury believed the state's version of events over the appellant's version. *Gullick* at ¶ 11, citing *State v. Houston*, 10th Dist. No. 04AP-875, 2005-Ohio-4249, 2005 WL 1953057, ¶ 38, *rev'd and remanded in part on other grounds*.

9

Rather, a reviewing court must give great deference to the jury's determination of witness credibility. *Id.*, citing *State v. Chandler*, 10th Dist. No. 05AP-415, 2006-Ohio-2070, 2006 WL 1102808, ¶ 19. This is so because the jury " ' "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." ' " *State v. Huber*, 10th Dist. No. 18AP-668, 2019-Ohio-1862, 2019 WL 2121316, ¶ 32, quoting *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, 2010 WL 3972574, ¶ 6, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 25} Appellant was convicted on one count of felonious assault, in violation of R.C. 2903.11. R.C. 2903.11 defines felonious assault and provides, in relevant part:

> (A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

R.C. 2903.11(A)(1) and (2). In turn, "serious physical harm" is defined as:

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;
>
> (c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
>
> (d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
>
> (e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or

> that involves any degree of prolonged or intractable pain.

R.C. 2901.01(A)(5).

{¶ 26} In his challenge to the sufficiency of the evidence, appellant argues that the state failed to meet its burden of proving that appellant caused the injuries suffered by J.J. as required by R.C. 2903.11. Specifically, appellant asserts that the evidence showed that J.J.'s injuries were caused not by appellant, but by a fall in the kitchen.

{¶ 27} Appellant also challenges the testimony of J.J. as being unreliable due to J.J.'s admitted intoxication. But the mere fact that J.J. had been drinking, used drugs, or was intoxicated does not automatically negate her testimony. See *State v. Word*, 10th Dist. No. 17AP-367, 2019-Ohio-1733, 2019 WL 2006133, ¶ 40. Furthermore, appellant's challenge to the credibility of J.J.'s testimony goes to the weight of the evidence, not the sufficiency of the evidence. (Citations omitted.) *State v. Cervantes*, 10th Dist., 2019-Ohio-1373, 133 N.E.3d 1072, ¶ 33. "[I]n a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime." *State v. Bankston*, 10th Dist. No. 08AP-668, 2009-Ohio-754, 2009 WL 418770, ¶ 4.

{¶ 28} The evidence presented by the state included J.J.'s testimony that appellant hit her in her face with a liquor bottle two times and that she fell to the ground. (Tr. at 144, 146-147.) J.J. also testified regarding her extensive injuries and ongoing physical and psychological difficulties. (Tr. at 150-152.) J.J.'s medical records also demonstrated significant trauma and damage to her face. (Tr. at 157-158; State's Exs. B-1 through B-4.) Additionally, Mr. White testified that when he discovered J.J. lying on the kitchen floor, there were large chunks of glass near her and "a whole bunch of glass spread all over the kitchen floor." (Tr. at 226.)

{¶ 29} The foregoing evidence is entirely consistent with a jury finding that J.J.'s injuries were caused by appellant and not by a fall. Construing the evidence in favor of the state, we conclude it was sufficient to allow the jury to infer that appellant knowingly caused physical harm to J.J. and/or that appellant knowingly caused or attempted to cause serious physical harm to J.J. by means of a deadly weapon as required by R.C. 2903.11(A)(1) and (2). Therefore, the

trial court properly overruled appellant's motion for acquittal made pursuant to Crim.R. 29.

{¶ 30} The manifest weight of the evidence also supports appellant's conviction for felonious assault. Although appellant argues that the evidence "supports an accidental fall rather than an intentional act" (Appellant's Brief at 17), as discussed above, the record shows J.J. was consistent in her testimony that appellant had assaulted her by hitting her in the face twice with a liquor bottle. J.J. further explained that when she told the police at the scene that she had fallen, she meant she had fallen after being struck with the liquor bottle by appellant. (Tr. at 148.) J.J. also identified appellant as her assailant on the night of the incident. (Tr. at 149.) Furthermore, the testimony of Mr. White corroborated key portions of J.J.'s testimony of the events.

{¶ 31} As set forth above, under a manifest weight of the evidence analysis, although we are able to consider the credibility of the witnesses in conducting our review, " 'we are guided by the presumption that the jury * * * is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proferred [sic] testimony.' " *Cattledge* at ¶ 6, quoting *Seasons Coal Co.* at 80, 461 N.E.2d 1273. In this case, the jury was entirely free to believe J.J., the victim, and appellant's conviction is not against the manifest weight of the evidence merely because the jury found her testimony credible. *See Gullick*, 2014-Ohio-1642, at ¶ 11. Indeed, "the testimony of one witness, if believed by the jury, is enough to support a conviction." *State v. Hood*, 10th Dist. No. 15AP-656, 2015-Ohio-5373, 2015 WL 9393520, ¶ 11, citing *State v. Strong*, 10th Dist. No. 09AP-874, 2011-Ohio-1024, 2011 WL 794604, ¶ 42. In short, in engaging in the limited weighing of the evidence which we are permitted, we cannot say the jury clearly lost its way when it found appellant guilty of felonious assault beyond a reasonable doubt. Accordingly, we find that the manifest weight of the evidence supports appellant's conviction.

{¶ 32} In sum, appellant has failed to demonstrate that the evidence was insufficient or that the jury clearly lost its way and created such a manifest miscarriage of justice that his conviction on the felonious assault count must be reversed and a new trial ordered. Because appellant's conviction was supported by sufficient evidence and was not against the manifest weight of the evidence, his first and second assignments of error are overruled.

*State v. Cowans, supra.*

This conclusion by the Tenth District is completely consistent with the governing federal law set forth in *Jackson, supra*. If the Court reaches the merits, it should conclude Cowans' Petition is without merits and should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 4, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #